**Robert Harold HIXSON**

v.

**Dr. J. H. STICKLEY et al.**

Supreme Court of Tennessee.

April 16, 1973.

W. B. Luther, Luther, Anderson & Ruth, Chattanooga, for appellants.

Robert J. Shockey, Chattanooga, for appellee.

## OPINION

McCANLESS, Justice.

The appellee, Robert Harold Hixson, instituted suit in the Circuit Court of Hamilton County on March 17, 1971, against three doctors for the wrongful death of his wife, Bettye Hixson. In the initial suit, Hixson alleged that Dr. Merton Baker, Dr. Richard G. Hofmeister, and the appellant were guilty of malpractice and of negligence resulting in the death of his wife.

The appellee later took nonsuits against the Drs. Hofmeister and Baker, and following negotiations with them, appellee released Dr. Hofmeister in consideration of $18,000.00, and executed a release to Dr. Baker " . . . and all other persons, firms or corporations liable or who might be claimed to be liable . . . " for $33,000.00. Appellee was then granted leave to file a substitute complaint against the appellant herein alone. Appellant moved to dismiss on the grounds that the language of the release executed to Doctors Baker and Hofmeister was so general as to release appellant as well. Argument was heard on the motion and proof was entered outside the record as to the applicability of the release to appellant. Appellee moved for a voluntary nonsuit, which was granted over appellant's objection.

The appellant comes before this Court assigning as error:

(1) the trial judge erred in failing to recognize appellant's motion to dismiss as being the equivalent of a motion for summary judgment after proof was heard on the issues raised by said motion to dismiss; and

(2) appellant's motion to dismiss having been converted into a motion for summary judgment by the introduction of extraneous matters thereon, the learned trial judge erred in allowing the appellee to enter a voluntary nonsuit in violation of Tennessee Rules of Civil Procedure, Rule 41.

Appellee contends that the appellant's motion was not specific enough and should have included the language "failure to state a claim upon which relief can be granted." And, that release is an affirmative defense and must be pleaded under Rule 8.03.

The issue for our determination is whether the appellant's motion was in the nature of TRCP 12.02(6) and therefore should have been treated as a motion for summary judgment (TRCP 56) thereby precluding the appellee under TRCP 41.01, from taking a voluntary nonsuit.

Because the Tennessee Rules of Civil Procedure were adopted so recently, there has been no judicial pronouncement by the Tennessee courts on the issues here presented. Since our Rules are patterned on the Federal Rules of Civil Procedure, 28 U.S.C.A., we are influenced by the case law dealing with these issues in the construction and interpretation of our rules.

The pertinent provisions of Rule 12.-02(6) of TRCP are as follows: "Every

defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by a motion in writing: * * * (6) failure to state a claim upon which relief can be granted. * * * If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment, and disposed of as provided in Rule 56 . . . ."

Rule 12(b)(6), FRCP, permitting a motion to dismiss for failure to state a claim on which relief can be granted, is substantially the same as the old demurrer for failure of a pleading to state a cause of action. Some courts have held that as the rule by its terms refers to statements in the complaint, extraneous matter and affidavits, depositions or otherwise, may not be introduced in support of the motion, or to resist it. On the other hand, in many cases the District Courts have permitted the introduction of such material. When these cases have reached Circuit Courts of Appeal in situations where the extraneous material so received shows that there is no genuine issue as to any material question of fact and that on the undisputed facts as disclosed by the affidavits or depositions, one party or the other is entitled to judg-. ment as a matter of law, the Circuit Courts, properly enough, have been reluctant to dispose of the case merely on the face of the pleading, and in the interest of prompt disposition of the action have made a final disposition of it. In dealing with such situations the Second Circuit has made the sound suggestion that whatever its label or original basis, the motion may be treated as a motion for summary judgment and disposed of as such. Samara v. United States [CCA2d, 1942] 129 F.2d 594, cert. den. [1942] 317 U.S. 686, 63 S.Ct.

258, 87 L.Ed. 549; 2A Moore's Federal Practice, 12.01(9).

■ It is left to the discretion of the trial judge whether or not to receive matters outside the pleading on a motion to dismiss for failure to state a claim. However, the addition at the end of subdivision (b) makes it clear that on a motion under Rule 12(b)(6) extraneous matter may not be considered if the court excludes it, but if the court does not exclude such material the motion *shall* be treated as a motion for summary judgment and disposed of as provided in Rule 56, id., 12.09(3); ft. nt. 23.

■ The appellee shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a case, *except* when a motion for summary judgment made by an adverse party is pending. If the appellant's motion was in the nature of Rule 12(b)(6), it should have been treated as a motion for summary judgment, since both parties agree that the trial court went outside the pleading. The result would have been to effectively preclude the appellee's voluntary nonsuit.

The appellant's motion reads as follows:

"Comes the defendant, Dr. Joe Stickley, and moves the court to dismiss the plaintiff's action against him on the ground that the plaintiff has executed a *release* discharging all defendants from any further liability in the case." [Emphasis supplied.]

■ We are of the opinion that this motion does not constitute a motion to dismiss under Rule 12.02(6), because the appellant has set forth the affirmative defense of release which must be pleaded by answer.

This case falls squarely within the holding of Currier v. Knapp, 442 F.2d 422 [3 Cir. 1971]. There the defendants moved to dismiss the complaint pursuant to Rule

12(b)(6), FRCP, alleging a non-compliance with the Statute of Frauds. The court in a succinct opinion held:

"Although the order appealed from refers only to Rule 12(b)(6), the district court apparently treated the motion as one for summary judgment under Rule 56, a procedure permitted by Rule 12(b), which allows matters outside the pleadings to be considered by the court. In this case, however, the use of Rule 12(b) was improper.

"The defense of failure to comply with the statute of frauds is an affirmative defense. Rule 8(c) of the F.R.Civ. P. requires that this defense be set forth affirmatively by a party pleading to a preceding pleading. In this case, the defendants were required to file an answer to the complaint in order to raise the defense of statute of frauds. The motion to dismiss under Rule 12(b)(6) was improper."

Appellant's contentions must therefore fail.

■ While appellant's motion cannot amount to one for summary judgment via Rule 12(b)(6) we have considered the possibility of it standing alone as one for summary judgment. Even this must fail.

The form of a motion for summary judgment requires that it be made in writing, and hence *should be captioned,* signed and state the ground therefor, in accordance with the usual rules governing motions. 6 Moore's Federal Practice, 56.-14(1).

The appellant's motion is captioned, "Motion to Dismiss", and hence does not fulfill these requirements.

We affirm the judgment of the Circuit Court.

DYER, C. J., CHATTIN and HUMPHREYS, JJ., and WILSON, Sp. J., concur.