# IN THE COURT OF APPEALS OF TENNESSEE
# MIDDLE SECTION AT NASHVILLE

ALLEN B. COLE,            )
                                    )
      Plaintiff/Appellant,   )
                                    )    Davidson Chancery
                                    )    No. 95-3498-III
VS.                           )
                                    )    Appeal No.
                                    )    01-A-01-9605-CH-00216
TENNESSEE BOARD OF PAROLES,   )
                                    )
      Defendant/Appellee.   )

## CONCURRING OPINION

**FILED**

**September 6, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

Even though I concur completely with Judge Lewis's opinion, I have prepared this separate opinion to elaborate further on the procedure whereby a motion to dismiss for failure to state a claim upon which relief can be granted is converted to a motion for summary judgment. Tenn. R. Civ. P. 12.02(6) requires this conversion whenever "matters outside the pleading are presented to and not excluded by the [trial] court."

Defendants today frequently support their Tenn. R. Civ. P. 12.02(6) motions with factual matters not included in the pleadings. Trial courts have the discretion either to consider or to disregard these matters,[1] but if they decide to consider them, they must treat the motion as one seeking a summary judgment. *Hixson v. Stickley,* 493 S.W.2d 471, 473 (Tenn. 1973); *Pacific Eastern Corp. v. Gulf Life Holding Co.,* 902 S.W.2d 946, 952 (Tenn. Ct. App. 1995). Once conversion takes place, the consideration of the motion must comply with all the procedural requirements of Tenn. R. Civ. P. 56.

Because of the significant differences between the consideration of motions to dismiss and motions for summary judgment, it is important for trial courts to

---

[1]The trial courts' exercise of their discretion should be guided by considering whether conversion of the motion will likely facilitate the disposition of the matter. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366, at 493 (2d ed. 1990).

give the parties notice of the changed status of the motion and a reasonable opportunity to present the material made pertinent to motions for summary judgment by Tenn. R. Civ. P. 56. 2A James W. Moore, *Moore's Federal Practice* ¶ 12.09[3] (2d ed. 1995); 5A Wright & Miller, *supra* note 1, § 1366, at 501. Adequate notice of the conversion is particularly important when pro se litigants are involved in the case. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

Formal notice of the trial court's decision either to consider or to exclude extraneous factual matters eliminates the possibility of confusion and misunderstanding concerning the posture of the proceedings. Thus, it is preferable for trial courts to state expressly whether they have decided to consider or to exclude the extraneous matters. Failure to give timely formal notice is not reversible error, however, if the opposing party had actual notice of the conversion or was not otherwise prejudiced by the lack of formal notice. *Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348, 1351 (6th Cir. 1989), *cert. denied,* 494 U.S. 1079 (1990); 2A Moore, *supra*, at ¶ 12.09[3]; 5A Wright & Miller, *supra* note 1, § 1366, at 506.

We must look to the trial court's decision and the record to determine what the trial court did when it fails to state expressly whether factual materials outside the pleadings were considered or disregarded. Like Judge Lewis, I have reviewed the January 17, 1996 order dismissing Mr. Cole's petition and have determined that the trial court did not consider the matters outside the pleadings submitted by the Board of Paroles and thus disposed of the motion in accordance with Tenn. R. Civ. P. 12.02(6) rather than Tenn. R. Civ. P. 56.

Mr. Cole asserts that the Board of Paroles acted illegally by relying on the seriousness of his offense to deny his application for parole. He argues that the "seriousness of the offense" ground is unconstitutional because it lacks objective criteria. Rather than simply attacking the intrinsic correctness of the board's decision, the petition challenges the constitutional sufficiency of the board's procedures. This is a question of law that should have been considered on the merits by the trial court.

_____
WILLIAM C. KOCH, JR., JUDGE

-3-