# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

**FILED**

**December 5, 1997**

**Cecil W. Crowson**

**Appellate Court Clerk**

| | | |
|---|---|---|
| **JERRY RAY BROWN,** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Davidson Law No. 96C-1205 |
| | ) | |
| **vs.** | ) | |
| | ) | Appeal No. 01A01-9702-CV-00049 |
| **PHILLIP L. DAVIDSON,** | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE THOMAS W. BROTHERS, JUDGE

For the Plaintiff/Appellant:        For the Defendant/Appellee:

Jerry Ray Brown, Pro Se        James L. Harris
Clarksville, Tennessee        Nashville, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, J.

ALAN E. HIGHERS, J.

OPINION

This is a legal malpractice action. The trial court dismissed the action as time-barred by the applicable statute of limitations. We affirm.

In December, 1992, Plaintiff/Appellant Jerry Ray Brown ("Brown") met with Defendant/Appellee Phillip L. Davidson ("Davidson"), an attorney licensed to practice law in Tennessee. Brown hired Davidson to pursue a claim of malicious prosecution against the Montgomery County District Attorney. Brown alleges that he intended for the claim to be pursued in federal court. Brown maintains that he tendered $120.00 to Davidson for the federal court filing fee.

Instead of filing in federal court, however, Davidson filed the claim with the Tennessee Claims Commission. Brown contends that Davidson did not tell him that he filed with the Claims Commission instead of federal court. Brown further claims that Davidson failed to pursue the action in the Claims Commission and that Davidson misappropriated the $120.00 filing fee. Ultimately, on November 16, 1993, the suit in the Claims Commission was dismissed, based on governmental immunity.[1]

Subsequently, Brown consulted another attorney, Kathleen Mitchell, regarding his claim of malicious prosecution against the Montgomery County District Attorney. In a letter dated February 15, 1994, Mitchell stated:

> After extensive research into the case, I have come to the conclusion that you have a valid claim for damages for malicious prosecution under the Fourth Amendment and 42 USC § 1983, which could be brought in the United States District Court, Middle District, at Nashville. There is a two year statute of limitations for this action.

Despite receiving this letter from Mitchell, which suggests that Davidson should have filed the malicious prosecution action in federal court, Brown's complaint against Davidson for legal malpractice was not filed until April 1, 1996. Subsequently, Davidson filed a motion for dismissal of Brown's lawsuit, asserting that Brown's legal malpractice claim was time-barred by the one-year statute of limitations, Tennessee Code Annotated § 28-3-104 (Supp. 1997).

After hearing arguments from both parties, the trial court issued an order in July 1996, dismissing Brown's suit against Davidson. The trial court agreed that Brown's suit was "time

---

[1] The Claims Commission also noted in its order that Brown had failed to respond to the defendant's motion to dismiss.

barred." From this order Brown now appeals.

Although Davidson designated his motion to dismiss a "motion for failure to state a claim" under Rule 12.02(6) of the Tennessee Rules of Civil Procedure, the record before the trial court included evidence beyond the face of the complaint, such as Mitchell's letter to Brown. Consequently, the motion must be treated as a motion for summary judgment, pursuant to Rule 56 of the Tennessee Rules of Civil Procedure. *Hixon v. Stickley*, 493 S.W.2d 471, 473 (Tenn. 1973) ("[O]n a motion under (Rule 12.02(6)) extraneous matter may not be considered if the court excludes it, but if the court does not exclude such material the motion *shall* be treated as a motion for summary judgment and disposed of as provided in Rule 56.").

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* at 210-11. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Id.* Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Id.*

Under Tennessee Code Annotated § 28-3-104(a)(2), actions for legal malpractice must be brought within one year "after the cause of action accrued." In *Caledonia Leasing & Equip. Co. v. Armstrong, Allen, Braden, Goodman, McBride & Prewitt,* 865 S.W.2d 10 (Tenn. App. 1992) the Court held that a cause of action accrues when:

> (1) the attorney has committed negligence, (2) the client has been injured by that negligence, and (3) the client discovers, or in the exercise of reasonable care and diligence, should have discovered, the existence of the facts constituting negligence by the attorney and the injury caused by the attorney's negligence.

*Id.* at 13 (citations omitted).

3

Considering Brown's factual allegations as true, Davidson would have "committed negligence" at some point in December 1992 or early 1993, when he allegedly misappropriated his client's money and failed to file the suit in federal court. *Id.* With regard to the second prong of *Caledonia*, Brown would have been "injured by that negligence" at the point when the funds were misappropriated or when the statute of limitations expired for filing suit in federal court. *Id.*

Brown's action in federal court would have been based on 42 U.S.C.A. § 1983 (Supp. 1997). The statute of limitations for an action brought under a federal civil rights statute and an action for malicious prosecution is one year.[2] Tenn. Code Ann. §§ 28-3-104(a)(1) and (3); *Dunn v. Tennessee,* 697 F.2d 121, 126 (6th Cir. 1982). This action would accrue upon termination of the prior criminal proceeding. *Dunn,* 697 F.2d at 127. In the present case, that date was November 24, 1992, when the trial court dismissed all the criminal charges brought against Brown by the district attorney. Therefore, Brown would have been "injured by that negligence" on November 24, 1993, when his right to file suit in federal court lapsed. *Caledonia*, 865 S.W.2d at 13.

With regard to the third prong of *Caledonia*, Davidson argues that Brown either discovered or should have discovered his cause of action at the latest upon receipt of Mitchell's letter in February, 1994. *Caledonia,* 865 S.W.2d at 13. Mitchell's letter (erroneously) states that a two year statute of limitations was applicable to Brown's federal claims. Therefore, it is arguable that Brown, "in the exercise of reasonable diligence, should (not) have discovered" his cause of action until the expiration of this perceived limitations period on November 24, 1994.[3] *Id.*

Under all three of the prongs of *Caledonia*, the latest conceivable date of accrual of Brown's malpractice claim against Davidson is November 24, 1994. Brown filed this action on April 1, 1996. This date is clearly beyond the one year limitation period set forth in the statute. Tenn. Code Ann. § 28-3-104.

Brown argues that the limitations period should be tolled because he suffered numerous serious health problems during the litigation. The doctrine of equitable tolling was recently

---

[2] Mitchell's letter to Brown erroneously states that the statute of limitations for such an action is two years.

[3] This date is calculated as two years from the date of accrual of the cause of action of the malicious prosecution claim, which accrued on November 24, 1992 (the date that the criminal charges against Brown were dismissed). *Dunn,* 697 F.2d at 127.

considered in *Norton v. Everhart,* 895 S.W.2d 317, 321 (Tenn. 1995). The doctrine was described as a means of suspending the statute of limitations to prevent strict construction of the statute from causing "harsh results." *Id.* The Court declined to recognize the doctrine of equitable tolling. It found sufficient Tennessee's existing doctrine of equitable estoppel, which requires "that the plaintiff's failure to bring the action within the statutory period of limitations be attributable to deception or misconduct on the part of the defendant." *Id.* There is no evidence of such deception or misconduct in this case, and consequently, no basis on which to toll the statute of limitations. Therefore, the trial court properly granted Davidson's motion to dismiss.

The decision of the trial court is affirmed. Costs on appeal are taxed to the Appellant, for which execution may issue if necessary.


_____
_____HOLLY KIRBY LILLARD, J.

**CONCUR:**


_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**ALAN E. HIGHERS, J.**