IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
July 14, 2000 Session

## HANSOM DAVIS v. ALFRED L. EARLS

**An Appeal from the Chancery Court for Madison County**
**No. 55988      Joe C. Morris, Chancellor**

---

### No. W2000-00280-COA-R3-CV - Filed May 30, 2001

---

This is a suit by a prisoner against his former lawyer. The prisoner, convicted of rape and other crimes, was represented by the defendant, a former assistant public defender, in an unsuccessful attempt to obtain post-conviction relief. The prisoner later sought post conviction relief again in Circuit Court, proffering an affidavit purportedly signed by his victim recanting her statement that the prisoner had raped her. By this time, the defendant was no longer an assistant public defender, but had become employed as an assistant district attorney general. The defendant received information that the affidavit proffered by the prisoner was a forgery, and instigated proceedings that led to the prisoner's indictment for subornation of perjury. The prisoner sued the defendant attorney for breach of contract, official misconduct, and negligence per se. The trial court granted the defendant's motion to dismiss and/or for summary judgment. The prisoner appeals, and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Hansom Davis, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Heather C. Ross, Assistant Attorney General, for the appellee, Alfred L. Earls.

### OPINION

In February 1989, Plaintiff/Appellant Hansom Davis was convicted of aggravated rape, aggravated kidnapping, and assault and battery and was sentenced to 25 years in prison. His conviction was upheld on appeal. *See State v. Davis*, 1990 WL 242 (Tenn. Crim. App. Jan. 3, 1990). In November 1990, Davis filed a petition for post-conviction relief, contending that he had received ineffective assistance of counsel both at trial and on appeal. Alfred Earls, Defendant/Appellee in this appeal, was an assistant public defender at the time and represented Davis in that proceeding. Davis's petition for post-conviction relief was denied, and the denial was affirmed by the Court of

Criminal Appeals. *See Davis v. State*, No. 02C01-9104-CC-00064, 1992 WL 69655 (Tenn. Crim. App. April 8, 1992). In November 1994, Davis filed a second petition for post-conviction relief raising several procedural issues. The second petition was also denied, and the denial was also affirmed by the Court of Criminal Appeals. *See Davis v. State*, No. 02C01-9605-CC-00144, 1997 WL 106338 (Tenn. Crim. App. March 11, 1997).

On March 17, 1997, Davis filed a petition for a *writ of error coram nobis* with the Madison County Circuit Court. His petition cited newly discovered evidence in the form of an affidavit purportedly signed by the victim recanting her previous statement that Davis had raped her. By the time Davis filed this petition, Earls had changed employment and was working as an Assistant District Attorney General for the 26th Judicial District. The rape victim contacted Earls and told him that the affidavit proffered by Davis was a forgery. Earls asked the victim to sign an affidavit to that effect, which she did. Earls conducted an investigation that resulted in a witness, Terry Clifton, signing an affidavit confirming that the affidavit proffered by Davis was a forgery. Subsequently, Earls drafted an indictment against Davis for subornation of perjury. On March 2, 1998, the grand jury indicted Davis for subornation of perjury. On the same day, Davis, proceeding *pro se*, made an oral motion before the Circuit Court to withdraw his petition for a *writ of error coram nobis*, which was granted. For reasons not apparent in the record, Davis appealed the Circuit Court's dismissal of his petition; the dismissal of the petition was affirmed by the Criminal Court of Appeals. *See Davis v. State*, No. 02C01-9804-CC-00104, 1998 WL 726533 (Tenn. Crim. App. Oct. 16, 1998).

After the grand jury indicted Davis for subornation of perjury, Earls requested the appointment of a special prosecutor. Earls's request was granted in June 1998. The District Attorney General for the 25th Judicial District then proceeded with prosecuting Davis for subornation of perjury.[1]

On April 13, 1999, over seven years after Earls represented him, Davis filed a lawsuit against Earls in the Madison County Chancery Court for breach of implied contract, official misconduct, and negligence per se. Davis's lawsuit against Earls is the subject of this appeal. Davis's lawsuit alleged that Earls, after becoming employed as an Assistant District Attorney General, breached an implied contract with Davis by conferring with the State's attorneys regarding his case, by interviewing witnesses, and by helping to secure an indictment against him for subornation of perjury. Davis asserted that Earls was guilty of official misconduct by violating the attorney/client privilege, the right to counsel, the right to due process and a fair trial, and the right to an impartial jury. Davis contended that Earls was liable for negligence per se for his alleged violation of the attorney/client privilege. Davis's complaint sought $250,000 in compensatory damages and $500,000 in punitive damages.

On May 11, 1999, Earls filed a *pro se* motion for an extension of time allowing him until June 28, 1999, to respond to Davis's complaint. Davis responded in opposition to the motion for extension of time. On June 25, 1999, before the trial court ruled on Earls's motion for extension of

---

[1]The record does not indicate whether this criminal charge has been resolved.

time, Earls filed a motion to dismiss and/or for summary judgment. On July 19, 1999, Davis filed a motion for default judgment against Earls. On July 27, 1999, the trial court belatedly granted Earls's motion for an extension of time to respond to Davis's complaint. On October 12, 1999, the trial court entered an order denying Davis's motion for default judgment and granting Earls's motion to dismiss and/or for summary judgment. From this order, Davis now appeals.

On appeal, Davis argues that, because he is proceeding *pro se*, his complaint should have been held to less stringent standards. Second, he argues that there were "procedural irregularities" in the computation of time regarding his motion for default judgment, and that he was not notified when hearings and other proceedings were to take place. Third, he argues that the trial court erred in granting Earls's motion to dismiss and/or for summary judgment. Finally, Davis argues that he should have been allowed to file an amended complaint following the dismissal of his case.

Because Davis is proceeding *pro se*, the trial court is obligated to construe the allegations in his complaint liberally and emphasize substance over form. *See Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, Davis should not be given an unfair advantage merely because he is representing himself. *Id.* Davis is entitled to "fair and equal treatment, [but] he cannot generally be permitted to shift the burden of litigating his case to the courts, . . . ." *Id.* (citation omitted). The trial judge, without elaboration, granted the motion to dismiss and/or for summary judgment by letter to the parties, and directed Earls's attorney to draft an order for entry into the record. The record does not indicate that the trial judge unfairly burdened Davis by construing the allegations in his complaint narrowly.

We also find no "procedural irregularities" in the trial court's computation of time regarding Davis's motion for default judgment. Earls properly filed a motion for an extension of time to answer Davis's complaint, pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure. Davis notes that the trial court did not rule on Earls's motion for an extension of time until over two months had passed. However, the trial court may grant an extension of time "at any time in its discretion." Tenn. R. Civ. P. 6.02. Under these circumstances, we find no "procedural irregularities" warranting reversal of the trial court's decision.

Next, we consider Davis's argument that the trial court erred in granting Earls's motion to dismiss and/or for summary judgment. A motion to dismiss under Rule 12.02 of the Tennessee Rules of Civil Procedure tests the legal sufficiency of a complaint. *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997). In considering such a motion, the court should treat all allegations made by the plaintiff as true and should determine whether the law will recognize a cause of action based on those facts. *Id.* In considering a motion to dismiss, the trial court retains the discretion to consider extrinsic evidence outside the pleadings. *Hixson v. Stickley*, 493 S.W.2d 471, 473 (Tenn. 1973). If the trial court considers such extrinsic evidence, the motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56." Tenn. R. Civ. P. 12.02; *Hixson*, 493 S.W.2d at 473; *Hunt v. Shaw*, 946 S.W.2d 306, 307 (Tenn. Ct. App. 1996).

Davis's complaint asserts that Earls was guilty of "official misconduct" by violating Tennessee Code Annotated §§ 23-3-105 and 23-3-107. Section 23-3-105 prohibits an attorney from disclosing a client's privileged information. *See* Tenn. Code Ann. § 23-3-105 (1994). Section 23-3-107 provides that any attorney who discloses privileged information is guilty of a Class C misdemeanor, "for which, on conviction, the attorney shall also be stricken from the roles, if a practicing attorney." *See* Tenn. Code Ann. § 23-3-107. Section 39-16-402 makes "official misconduct" a criminal offense, and Section 39-16-403 makes "official oppression" a criminal offense as well. *See* Tenn. Code Ann. §§ 39-16-402 and 39-16-403. These statutes do not create a private right of action. *See Buckner v. Carlton*, 623 S.W.2d 102, 105 (Tenn. Ct. App. 1981). Likewise, Sections 23-3-105 and 23-3-107 do not create a right to a private cause of action against attorneys who violate the attorney/client privilege. *See Quarles v. Sutherland*, 389 S.W.2d 249, 251-52 (Tenn. 1965). Therefore, the trial court did not err in dismissal of these claims in Davis's complaint.

The remaining claims made by Davis against Earls, for breach of an implied contract and negligence per se, stem from Earls's position as an Assistant District Attorney General and his assistance in prosecuting Davis for subornation of perjury. Davis relies heavily on the Code of Professional Responsibility. A violation of the Code of Professional Responsibility does not automatically give rise to a private cause of action. *See Lazy Seven Coal Sales, Inc. v. Stone & Hinds, P.C.*, 813 S.W.2d 400, 404 (Tenn. 1991). Davis cites no caselaw establishing a private right of action for the violations of the Code of Professional Responsibility asserted in his complaint. Under these circumstances, we find no error in the trial court's dismissal of these claims.

Moreover, to the extent that Davis alleges legal malpractice or negligence by Earls, the Tennessee Claims Commission has exclusive jurisdiction to hear allegations of negligence and legal malpractice on the part of a state employee such as an assistant district attorney. *See* Tenn. Code Ann. § 9-8-307(a)(1)(D) (Supp. 2000). Therefore, the Madison County Chancery Court had no jurisdiction to consider such claims, and the trial court did not err in granting the motion to dismiss on this basis. Consequently, we affirm the trial court's grant of Earls's motion to dismiss and/or for summary judgment.

Finally, Davis argues that the trial court should have allowed him to amend his complaint. Davis filed a motion to amend his complaint on October 29, 1999, seventeen days after the trial court dismissed his original complaint on October 12, 1999. The decision of whether to allow a plaintiff to amend his complaint is within the sound discretion of the trial court, and it will not be reversed absent a showing that the trial court abused its discretion. *See Hall v. Shelby County Ret. Bd.*, 922 S.W.2d 543, 546 (Tenn. Ct. App. 1995). Reviewing Davis's proposed amended complaint, he alleges no new cause of action but merely expounds upon the facts alleged in his original complaint. Under these circumstances, we find no abuse of discretion in the trial court's refusal to allow Davis to amend his complaint.

The decision of the trial court is affirmed. Costs are taxed to the Appellant, Hansom Davis, and his surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE