IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 23, 2002 Session

## JOHN ASBURY and DIANA ASBURY
v.
## LAGONIA-SHERMAN, LLC and LAGONIA REALTY

**An Appeal from the Circuit Court for Shelby County**
**No. CT-001369-00     D'Army Bailey, Judge**

---

**No. W2001-01821-COA-R3-CV - Filed October 15, 2002**

---

This appeal arises from the sale of real property. Prior to closing, the buyers questioned the sellers about the property lines. The sellers contacted a surveyor to mark the property corners. The buyers did not receive the survey prior to the closing, but nevertheless went ahead with the closing. After the closing, the buyers received the survey. It showed less square footage than what the buyers allege had been represented to them. The buyers filed a lawsuit against the sellers, alleging breach of contract, unjust enrichment, detrimental reliance, fraud or misrepresentation, and violation of the Tennessee Consumer Protection Act. The sellers filed a motion to dismiss for failure to state a claim upon which relief may be granted, or, in the alternative, for summary judgment. The trial court dismissed the buyers' claim. On appeal, buyers argue that the trial court erred in dismissing their case, and that genuine issues of fact remain. We affirm, on the basis that the buyers failed to look at the publicly recorded plat on the property, referenced in the sales contract.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which DAVID R. FARMER, J., joined. ALAN E. HIGHERS, J., filed a dissenting opinion.

Kevin A. Snider, Germantown, Tennessee, for the appellants John Asbury and Diana Asbury.

John B. Turner, Jr., Germantown, Tennessee, for appellees Lagonia-Sherman, LLC and Lagonia Realty.

## OPINION

On April 30, 1999, the Plaintiffs/Appellants, John and Diana Asbury ("the Asburys"), entered into a real estate contract with Defendant/Appellee, Lagonia-Sherman, LLC ("Lagonia-Sherman"), to purchase a house on lot thirty-seven of the Appling-LaGrange Subdivision in Cordova, Tennessee,

for $119,000. Defendant/Appellee Lagonia Realty acted as Lagonia-Sherman's agent during the execution of the real estate contract.

On May 18, 1999, the Asburys and Lagonia-Sherman's sales manager, Brandi Vines ("Vines"), conducted a walk-through of the property. The Asburys questioned Vines about the location of the property lines on lot thirty-seven. The Asburys claim that Vines said with certainty that the northeast property line was in a straight line, perpendicular to the back property line, starting from a crow's foot on the left-front curb to the left-rear corner of the property, and that the property included a tree in the front of the lot. The Asburys claim that Vines assured them that the property lines would be determined prior to the closing, and that new sod would be laid to mark the property lines.

Vines says that she showed the Asburys the left-front property corner but told the Asburys that the rear corners can be difficult to locate because rear property markers easily sink into the ground or are pulled up out of the ground. Vines asserts that she told the Asburys that the sod line was not the property line. Vines claims that she told the Asburys that the tree did not appear to be on their property. During the course of the walk-through, the Asburys and Vines compiled a punch list, or list of repairs, that were to be made prior to closing. Under the heading "exterior work" on the punch list, item three stated that the left-front and left-rear property corners should be determined, item four stated to sod if needed, and item eleven stated that dead sod should be replaced. The punch list made no mention of using sod to mark the property lines.

On May 24, 1999, Vines contacted AFA Engineering to mark the property corners on lot thirty-seven. On May 30, 1999, AFA Engineering representative Bill Perry ("Perry") marked the property corners. The Asburys claim that their closing attorney, Michael Champlin, told them that a copy of the survey would be supplied to them at the closing on the property. On June 4, 1999, when the Asburys closed on the property, they had not yet received the survey; nevertheless, they went ahead with the closing. The Asburys said that they went ahead with the closing without the survey because of Vines's representations about the property lines. The Asburys never checked the Plat Book in which lot thirty-seven was publicly recorded.

On June 10, 1999, after the closing, the Asburys received the survey of the property. The survey indicated that the northeast property line did not run in a straight line perpendicular from the back line of the lot. Rather, the survey indicated that the northeast property line ran diagonally from the back of the lot to the front of the lot. The Asburys claim that the difference in the angle of the northeast property line meant that lot thirty-seven consisted of less square feet than had been represented to them by Vines, and also meant that the tree directly in front of their house was not on their property.

On March 30, 2000, the Asburys filed a lawsuit against Lagonia-Sherman and Lagonia Realty in the Circuit Court of Shelby County. The lawsuit alleged breach of contract, unjust enrichment, detrimental reliance, fraud or misrepresentation, and violation of the Tennessee Consumer Protection Act. On May 4, 2000, Lagonia-Sherman and Lagonia Realty filed an answer to the complaint.

Almost one year later, on May 1, 2001, Lagonia-Sherman and Lagonia Realty filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted or, in the alternative, for summary judgment. The motion was supported by the depositions of Vines and the Asburys, as well as the affidavits of the owner of AFA Engineering, AFA representative Perry, and the sodding subcontractor, Harvey Walden. On July 6, 2001, the trial court entered an order of dismissal, phrasing its order as a dismissal for failure to state a claim. From this order, the Asburys now appeal.

On appeal, the Asburys argue that, if the trial court's order is considered a dismissal for failure to state a claim, based on the complaint alone, the complaint states valid claims for breach of contract, detrimental reliance, unjust enrichment, fraud or misrepresentation, and violation of the Tennessee Consumer Protection Act. If the order of the trial court is considered a grant of summary judgment, the Asburys argue that there was a genuine issue of material fact on the breach of contract claim. On the claims of detrimental reliance and unjust enrichment, the Asburys maintain that a genuine issue of material fact remains on whether the Asburys reasonably relied on the alleged representation that new sod was to be placed along the property line. The Asburys argue that the claims for fraud and for violation of the Tennessee Consumer Protection Act were erroneously dismissed because issues of material fact remain on whether the alleged misrepresentation was made recklessly or with knowledge of falsity, as well as whether the Asburys' reliance was reasonable. Finally, the Asburys argue that the parol evidence rule should not apply to bar proof of the alleged misrepresentations. Lagonia-Sherman argues that the order of the trial court was a grant of summary judgment because materials outside the pleadings were submitted and considered by the trial court. Regardless, Lagonia-Sherman maintains that dismissal was proper because the complaint failed to state a claim, and there are no issues of material fact as to any of the Asburys' claims.

The threshold issue in this appeal is whether the trial court's order of dismissal should be treated as a dismissal for failure to state a claim upon which relief may be granted under Rule 12.02(6) of the Tennessee Rules of Civil Procedure, or as an order of summary judgment under Tennessee Rule of Civil Procedure 56. After receiving the Asburys' complaint, Lagonia-Sherman and Lagonia Realty filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted, or, in the alternative, for summary judgment. The trial court dismissed the Asburys' claim, couching it as a dismissal for failure to state a claim. Rule 12.02(6), however, mandates that when "matters outside the pleadings are presented to and *not excluded* by the court, the motion *shall* be treated as one for summary judgment."[1] *See* Tenn. R. Civ. P. 12.02 (emphasis added); *Pacific E. Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 952 (Tenn. Ct. App. 1995); *see also Hixson v. Stickley*, 493 S.W.2d 471, 473 (Tenn. 1973) (discussing judges' prerogative to

[1] A motion to dismiss is converted to a motion for summary judgment when the trial court states, or the evidence shows, that it "considered" matters outside the pleading. *See Jordan v. Campbell*, No. M1999-00540-COA-R3-CV, 1999 Tenn. App. Lexis 753, at *9 (Tenn. Ct. App. Nov. 10, 1999); *Adams TV, Inc. v. ComCorp. of Tenn.*, 969 S.W.2d 91, 920 (Tenn. Ct. App. 1997); *see also Pendleton v. Mills*, 73 S.W.3d 115, 120 (Tenn. Ct. App. 2001); *Pass v. Shelby Aviation, Inc.*, No. W1999-00018-COA-R9-CV, 2000 Tenn. App. Lexis 247, at *6–7 (Tenn. Ct. App. Apr. 13, 2000); *Al-Fatlawy v. Chicago Ins. Co.*, M1999-00195-COA-R9-CV, 2000 Tenn. App. Lexis 186, at *9 (Tenn. Ct. App. March 29, 2000).

include or exclude extraneous information on a motion to dismiss, and further stating that "on a motion under Rule [12.02(6)] extraneous matter may not be considered if the court excludes it, but if the court does not exclude such material the motion *shall* be treated as a motion for summary judgment and disposed of as provided in Rule 56."). Without question, in this case, matters outside the pleadings were presented to the trial court with the defendants' motion. The question then becomes whether those matters were "not excluded" by the trial court.

Of course, in order to exclude matters outside the pleadings, the trial court need not expressly state that it has chosen to exclude such matters filed with the motion, but the circumstances may indicate that it excluded such information. For example, in *Winchester v. Little*, 996 S.W.2d 818 (Tenn. App. 1998), this court concluded that:

> The trial court's order is couched in terms of a dismissal rather than summary judgment. The trial judge states that his opinion is based upon the pleadings and argument of Plaintiff and counsel for Defendant. No mention is made of consideration of any matters outside the pleadings. Appellee contends that as to the issue of the guardian ad litem's fee, matters outside the pleading were presented to and not excluded by the court. If the guardian ad litem fee was an issue on appeal, this Court might find that partial summary judgment was granted on that issue. However, this Court finds that all the issues raised in this appeal were dismissed by the trial court for failure to state a claim.

*Id.* at 821. Thus, in *Winchester*, the trial court did not state expressly that it was excluding matters outside the pleadings, but rather "couched" its order in terms of a dismissal and stated that it considered only "the pleadings" and the arguments of the parties, thereby excluding the extraneous evidence by negative implication. Hence, the order was reviewed on appeal as an order of dismissal based on the pleadings only. *See id.* Conversely, on one issue in *Winchester* in which matters outside the pleadings were presented and "not excluded," expressly or by implication, had the issue been raised on appeal, it would more likely have been considered a grant of partial summary judgment. *Id.* In sum, while the trial court need not expressly exclude consideration of matters outside the pleadings, it can imply that the collateral information was excluded; however, there must be some indicia that the trial court in fact excluded the additional information. *See id.*

This case presents a closer question than was presented in *Winchester*. Similar to *Winchester*, the order of the trial court here is also "couched in terms of a dismissal." Unlike *Winchester*, however, the trial court did not state expressly or by implication what was considered in making its decision. The situation here is more akin to the issue *not* raised on appeal in *Winchester*, in which the trial court was presented with matters outside the pleadings that were "not excluded," and which this court indicated "might" be treated as a grant of partial summary judgment.

In this case, considerable discovery had been conducted. Numerous depositions and affidavits were presented to the trial court, along with the plethora of pleadings and attachments thereto. The trial court noted in its order that the defendants had filed in the alternative, to dismiss

-4-

or for summary judgment. Although the order is "couched" in terms of dismissal rather than summary judgment, the trial judge does not state which documents he relied upon in making his decision.

We are required, of course, to keep in mind that Rule 12.02 states that if "matters outside the pleadings are presented to and *not excluded* by the court, the motion *shall* be treated as one for summary judgment." Considering the record in this case as whole, the circumstances do not indicate clearly enough that matters outside the pleadings presented to the trial court were in fact excluded by the trial court. Accordingly, we find that the order of the trial court was an order of summary judgment.

Based on this holding, we must now determine whether the trial court erred in granting the summary judgment in favor of the sellers. A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. ***Id.***

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995). Because only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. ***Bain***, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is de novo on the record before this Court. ***Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn. 1997).

When the order of the trial court is reviewed as a grant of summary judgment, it is readily apparent that the trial court correctly dismissed the breach of contract claim. In order to establish a claim for breach of contract, the plaintiff must show the existence of a contract and that the breaching party failed to perform according to the contract. ***See*** Tenn. Juris. *Contracts* § 78 (1997). The written contract that is the subject of the Asburys' breach of contract claim includes the standard clause stating that the written agreement constitutes the entire agreement between the parties, expressly disclaiming reliance on any promises or warranties made outside of the written agreement. The written agreement states that it conveys the property at 1036 Appling Meadow "as recorded in Plat Book 159, page 4." It is undisputed that the description in the Plat Book is accurate and that the Asburys, for reasons not apparent from the record, elected not to inspect the Plat Book prior to the closing. Furthermore, although the Asburys allege that the contract obligates the sellers to place sod along the property line, there is no such reference in the contract.

Moreover, even if the breach of contract claim is considered solely from the complaint with no consideration of the written agreement, the claim fails. The complaint states only that the sellers represented that the property line was a "straight line" from the back of the lot to the front of the lot.

The complaint does not assert that the sellers represented that the property line in dispute was perpendicular to the back property line. Of course, the true property line is in fact a "straight line" which begins at the back of the lot and ends at the front of the lot. It is not perpendicular to the back property line, but that was not alleged in the complaint. Under these circumstances, it is clear that the Asburys do not have a viable breach of contract claim.

The Asburys also argue that the trial court erred in dismissing their claim of unjust enrichment. In order to establish a claim for unjust enrichment, the following two elements must be met: "(1) there is no contract between the parties or a contract has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation." *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998) (citing *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 154–55 (Tenn. 1966)). The Asburys' complaint readily admits the existence of a real estate contract between the parties. There is no assertion that the contract became unenforceable or invalid. Because it is undisputed that there was a contract between the parties, the trial court did not err in dismissing the claim of unjust enrichment.

Similar to the claim for unjust enrichment, detrimental reliance, or promissory estoppel, is an equitable remedy based on a quasi-contractual theory. *See Rampy v. ICI Acrylics*, 898 S.W.2d 196, 211 (Tenn. Ct. App. 1994). In cases in which there is an absence of consideration between the parties so that there is no valid contract, detrimental reliance "constitutes a substitute for consideration, or a sufficient reason for enforcement of the promise without consideration." *Alden v. Presley*, 637 S.W.2d 862, 864 (Tenn. 1982) (quoting L. Simpson, *Law of Contracts* § 61 (2d ed. 1965)). As noted above, the Asburys' complaint admits the existence of a contract. Because the complaint fails to assert that there was a lack of consideration so that promissory estoppel should have been substituted as a quasi-contractual remedy, the trial court did not err in dismissing the Asbury's claim of detrimental reliance.

The Asburys also argue that the trial court erred in dismissing their claim of fraud and misrepresentation. In order to state a claim for fraud, the following elements must be established:

> (1) an intentional misrepresentation with regard to a material fact; (2) knowledge of the representation['s] falsity—that the representation was made "knowingly" or "without belief in its truth," or "recklessly" without regard to its truth or falsity; (3) that the plaintiff reasonably relied on the misrepresentation and suffered damage; and (4) that the misrepresentation relates to an existing or past fact, or, if the claim is based on promissory fraud, then the misrepresentation must "embody a promise of future action without the present intention to carry out the promise."

*Shahrdar v. Global Hous., Inc.*, 983 S.W.2d 230, 237 (Tenn. Ct. App. 1998) (quoting *Stacks v. Saunders*, 812 S.W.2d 587, 592 (Tenn. Ct. App. 1990)). The Asburys' complaint asserts that Lagonia-Sherman and Lagonia Realty "engaged in fraud and/or misrepresentation" in stating that the northeast property line ran in a straight line from the back of the lot to the front of the lot and that the northeast property line was located where the sod had been placed. The complaint does not

allege that these representations by Lagonia-Sherman and Lagonia Realty were made knowingly or recklessly. Moreover, the complaint does not include any factual allegations to support an allegation that the sellers had knowledge of the falsity of the representation. Rather, the complaint simply makes the conclusory allegation that Lagonia-Sherman and Lagonia Realty engaged in fraud when they made representations to the Asburys. In addition, since the Asburys admittedly elected not to look at the publicly recorded Plat Book on the property in advance of the closing, and elected to go ahead with the closing without having received the survey on the property, the element of reasonable reliance cannot be established, since their reliance on the alleged misrepresentation was not reasonable. Under these circumstances, we find no error in the trial court's dismissal of the claim of fraud and misrepresentation.

Finally, the Asburys assert that the trial court erred in dismissing their Consumer Protection Act claim. The Tennessee Consumer Protection Act, section 47-18-101, et seq. of Tennessee Code Annotated, provides a right of action for a consumer who is the victim of an unfair or deceptive act in the course of any trade or commerce. *See* Tenn. Code Ann. § 47-18-102(2) (1995). The Tennessee Consumer Protection Act covers real estate transactions as in the case at bar. *See Ganzevoort v. Russell*, 949 S.W.2d 293, 298 (Tenn. 1997). Unlike a claim for fraud, the plaintiff does not have to show that the defendant engaged in unfair or deceptive acts knowingly to satisfy a claim for actual damages under the Tennessee Consumer Protection Act.[2] *See Menuskin v. Williams*, 145 F.3d 755, 767–68 (6th Cir. 1998); Tenn. Juris. *Fraud and Deceit* § 15 (2002). Rather, a negligent misrepresentation may constitute a violation of the Tennessee Consumer Protection Act. *See Menuskin*, 145 F.3d at 768; Tenn. Juris. *Fraud and Deceit* § 15. Negligent misrepresentation is defined as:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them *by their justifiable reliance* upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn. 1997) (quoting Restatement (Second) of Torts § 552 (1977)) (emphasis added). Thus, in order to sustain an action based on negligent misrepresentation, the plaintiff must justifiably rely on the false information. In their respective depositions, both Mr. and Mrs. Asbury stated that Vines was uncertain of the property line in question. Additionally, the Asburys elected not to make even a cursory inspection of the Plat Book, and also chose to go ahead with the closing without having received the survey on the property. Under these circumstances, the element of justifiable reliance cannot be established because any reliance by the Asburys was not justifiable. As such, the sellers' motion for summary judgment was

---

[2]In order to satisfy a claim for treble damages under the Tennessee Consumer Protection Act, the plaintiff must establish that the defendant willfully or knowingly engaged in an unfair or deceptive act. *See* Tenn. Code Ann. § 47-18-109(a)(3) (1995).

property granted with regard to the Asbury's Tennessee Consumer Protection Act claim. This holding pretermits any other issues raised on appeal.

The decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellants, John Asbury and Diana Asbury, and their surety, for which execution may issue if necessary.

 

 

_____

HOLLY KIRBY LILLARD, JUDGE